IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **KAREN LUNDREGAN**, *Pro Se* | * | |
| PLAINTIFF | * | |
| v. | * | Civil No. **PJM 19-1369** |
| **HOUSING OPPORTUNITIES COMMISSION ET AL.,** | * | |
| DEFENDANTS | * | |

## **MEMORANDUM OPINION**

*Pro Se* Plaintiff Karen Lundregan has filed suit against Defendants Housing Opportunities Commission ("HOC"), Ethan Cohen, Nowelle Ghahhari, Lynn Hayes, Renee Harris, Janice McDonald, and Susan Whittley. Defendants have filed a Motion to Dismiss, ECF No. 55, Plaintiff has filed two responses in Opposition, ECF Nos. 58 and 62, and Defendants have filed a Reply, ECF No. 64. For the reasons that follow, the Court **GRANTS** Defendants' Motion to Dismiss as to certain counts and will grant Plaintiff leave to file a surreply as to the remaining counts. The Court also **GRANTS** Defendants' Motion to Strike, ECF No. 66, and Plaintiff's filings responsive to Defendants' Motion to Dismiss that were filed after Defendants filed their Reply will be disregarded. The Court also **GRANTS** the Plaintiff's Motion for Waiver of PACER Fees.

Federal Rule of Civil Procedure 8(a) prescribes "liberal pleading standards" that require a plaintiff to submit only a "short and plain statement of the claim showing that [he] is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (citing Fed. R. Civ. P. 8(a)(2)). The plaintiff's statement must contain facts sufficient to "state a claim to relief that is plausible on its face" in order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Bell*

1

*Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). The plausibility standard requires that the plaintiff plead facts sufficient to show by "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court will accept the plaintiff's factual allegations as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Legal conclusions couched as factual allegations or "unwarranted inferences, unreasonable conclusions, or arguments" do not satisfy the plausibility pleading standard. *E. Shore Markets, Inc. v. J.D. Associates Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). The complaint must contain factual allegations sufficient to apprise a defendant of "what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted).

Federal courts have an "obligation to liberally construe a *pro se* [c]omplaint" and may consider additional facts and information supporting the complaint that is provided in an opposition to a motion to dismiss. *See Rush v. Am. Home Mortg., Inc.*, 2009 U.S. Dist LEXIS 112530, at *11-12 (D. Md. Dec. 3, 2009). However, this requirement "does not transform the court into an advocate," *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) (internal quotations and citations omitted), and "[w]hile pro se complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986)). Although the facts alleged in a *pro se* plaintiff's complaint must ordinarily be taken as true, mere conclusory statements "are not entitled to the assumption of truth." *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679)) (internal quotation marks omitted).

Though Plaintiff here is *pro se* and her filings are murky and hard to decipher, her main allegations seemingly are that she was the subject of discrimination based on her race and on her disability when her housing voucher was revoked. The Court understands that Plaintiff's vouchers have since been reinstated. Plaintiff also seems to allege that she was forced to provide more information for a Reasonable Accommodation Request than was required, but her Request also seems to have been granted before the filing of this lawsuit. Plaintiff goes on to allege that her medical information was shared without her permission with other members of HOC and third parties, though it is unclear with whom this information was shared and, more importantly, why it could not be shared. Plaintiff seeks actual damages, damages for emotional distress, punitive damages, costs associated with this litigation, and injunctive relief, including court oversight of HOC, re-training of employees, and court-ordered probation for Defendants.

Some of Plaintiff's multifarious claims can be dismissed outright.

Her claim that Defendants violated Title III of the American with Disabilities Act is dismissed, since Defendant HOC is a public entity, *see* MD. CODE ANN., HOUS. & CMTY. DEV. § 16-105, and not a "Private Entit[y]" subject to 42 U.S.C. § 12181.

Her claim that Defendants violated the Health Insurance Portability and Accountability Act of 1996 (hereinafter "HIPAA"), 45 C.F.R. § 164, is dismissed since there is no private right of action under HIPAA for Plaintiff. *See Brown v. Prince George's Hosp.*, 2009 WL 8660081, at *2 (D. Md. Nov. 4, 2009), aff'd, 458 F. App'x 260 (4th Cir. 2011); *see also Cunningham v. Space Telescope Sci. Inst.*, 2007 WL 9780463, at *4 (D. Md. June 7, 2007).

Her claim that Defendants violated the Violence Against Women Act is dismissed as clearly inapplicable in this context, since the Violence Against Women Act protects victims of domestic violence. Plaintiff has not alleged that she was discriminated against based her status as

a victim, nor that she was even a victim of domestic violence, and there is nothing whatsoever in her filings that suggests that this statute is applicable.

Though Defendants claim that HOC and other Defendants enjoy governmental immunity from state tort claims, the Maryland Court of Appeals rejected that argument in *Brooks ex rel. Wright v. Hous. Auth. of Baltimore City*, 411 Md. 603, 627 (2009) (holding that the Housing Authority of Baltimore City does not enjoy immunity from state common law claims). Even so, some of Plaintiff's state common law tort claims can also be dismissed outright.

Plaintiff's claim that Defendants invaded her privacy by appropriating her likeness is dismissed, since there has been no indication that her likeness has commercial value. The Court also dismisses Plaintiff's tort claim of unreasonable publicity given to her private life, since it is not an invasion of privacy "to communicate a fact concerning the plaintiff's private life to a single person or even to a small group of persons." *Pemberton v. Bethlehem Steel*, 66 Md. App. 133, 166 (1986).

Beyond the foregoing, the Court is constrained to note that Plaintiff's filings have gotten out of hand and are inconsistent with orderly judicial procedure. After Defendants filed their Reply, Plaintiff, without leave of Court, filed another response in Opposition, ECF No. 65, an "Addendum," ECF No. 69, and yet another response disguised as a "Opposition to Defendants['] Motion to Strike," ECF No. 70. These filings misuse the Court's process and are unfair to Defendants, since Plaintiff in effect becomes a moving target. Accordingly, the Court will **GRANT** Defendants' Motion to Strike, ECF No. 66, and will disregard Plaintiff's filings post the filing of Defendants' Reply.

That said, as to the remaining claims, because Plaintiff is *pro se*, the Court will grant her leave to file <u>one single document as a surreply</u> to Defendants' Reply, not to exceed 20 pages

4

including exhibits. Plaintiff must do so by December 31, 2019. In the single pleading, Plaintiff is advised that she must set out such claims as now remain in the case, and for each claim, she must allege with particularity how she believes each Defendant violated the law. In particular, Plaintiff must set out specifics as to what her race is, and how she was allegedly discriminated against on the basis of her race. She must also set out what her disability is, and how she was allegedly discriminated against on the basis of her disability. This single document must contain facts and dates; mere legal conclusions will not suffice. Plaintiff may not add any further causes of action. Any additional filings Plaintiff may attempt to assert will be returned to the Plaintiff.

Once Plaintiff files her single surreply, the Court will consider what causes of action she asserts, if any, will be permitted to go forward. Plaintiff is strongly urged to further attempt to contact an attorney in order to gain some perspective on her lawsuit. She should understand that not every grievance she may have about her treatment by Defendants, real or perceived, can be remedied in a lawsuit.

A separate Order will **ISSUE.**

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**November 27, 2019**