IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KAREN LUNDREGAN, *Pro Se* | * |
| | * |
| PLAINTIFF | * |
| | * |
| v. | * Civil No. **PJM 19-1369** |
| | * |
| HOUSING OPPORTUNITIES | * |
| COMMISSION ET AL | * |
| | * |
| DEFENDANTS | * |

## MEMORANDUM OPINION

*Pro Se* Plaintiff Karen Lundregan has sued Defendants Housing Opportunities Commission of Montgomery County ("HOC"), Ethan Cohen, Nowelle Ghahhari, Lynn Hayes, Renee Harris, Janice McDonald, and Susan Whittley, alleging violations of multiple laws purportedly protective of her status as a recipient of a voucher that subsidizes her housing costs. She has filed a stream of complaints, amendments and numerous motions. Defendants have filed a Motion to Dismiss the Complaint For Failure to State a Claim, ECF No. 50, and a Motion to Dismiss the Amended Complaint For Failure to State a Claim, ECF No. 55.

The Court has considered the complaints, amendments, motions and other filings very carefully. For the following reasons, it will **GRANT IN PART AND DENY IN PART** Defendants' Motion to Dismiss the Amended Complaint, ECF No. 55, **GRANT IN PART AND DENY IN PART** Plaintiff's Motion to Seal the Sur-Reply, ECF No. 73, and **DENY** all of Plaintiff's other motions. Defendants' first Motion to Dismiss the Complaint, ECF No. 50, is **MOOT**.

Here is why:

Federal Rule of Civil Procedure 8(a) prescribes "liberal pleading standards" that require a plaintiff to submit only a "short and plain statement of the claim showing that [she] is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (citing Fed. R. Civ. P. 8(a)(2)). The plaintiff's statement must contain facts sufficient to "state a claim to relief that is plausible on its face" in order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). The plausibility standard requires that the plaintiff plead facts sufficient to show by "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

At the time same, federal courts have an "obligation to liberally construe a *pro se* [c]omplaint" and may consider additional facts and information supporting the complaint that are provided in an opposition to a motion to dismiss. *See Rush v. Am. Home Mortg., Inc.*, 2009 U.S. Dist LEXIS 112530, at *11-12 (D. Md. Dec. 3, 2009). This requirement, however, "does not transform the court into an advocate," *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) (internal quotations and citations omitted), and "[w]hile pro se complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986)).

In her complaints, amendments and other filings, Plaintiff has alleged a passel of causes of action. By Opinion and an Order dated November 27, 2019, the Court granted Defendants' Motion to Dismiss several of the causes of action but allowed Plaintiff to file a Sur-Reply in which she was directed to "set out such claims as now remain in the case, and for each claim, [to] allege with particularity how she believes each Defendant violated the law." ECF Nos. 71 and 72. Based on

the Sur-Reply Plaintiff filed, ECF No. 74, and indulging a generous construction of her filings, it appears that there remain just two potentially viable allegations: (1) that the HOC in its official capacity and Cohen in his individual capacity violated the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*, by denying Plaintiff a reasonable accommodation, and (2) that the HOC in its official capacity and Cohen in his individual capacity violated 42 U.S.C. § 1983, specifically her procedural due process rights, by not holding a conclusive hearing before terminating her housing voucher. This does not mean Plaintiff has proven either of those claims, only that she has plausibly alleged them. The Court explains.

Plaintiff's first claim asserts a violation of the FHA. A "cause of action under the FHA against a local government may arise under any one of three theories," namely disparate treatment, disparate impact, and failure to make a reasonable accommodation. *Bryant Woods Inn, Inc. v. Howard Cty., Md.*, 911 F. Supp. 918, 928 (D. Md. 1996), *aff'd*, 124 F.3d 597 (4th Cir. 1997). Although Plaintiff does not specify which provision(s) of the FHA she claims was violated, she states that the FHA "makes it unlawful to refuse reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford persons with disabilities equal opportunities to use and enjoy a dwelling." This language is contained in 42 U.S.C. § 3604(f)(3)(B), which addresses failure to make a reasonable accommodation, so that is what the Court takes her theory to be.

Plaintiff says she has mental and emotional disabilities deriving from Post-Traumatic Stress Disorder and Borderline Personality Disorder, and that Defendants were well aware of this. She alleges that the HOC for several months unduly delayed granting her request for a reasonable accommodation, i.e. reinstatement of her housing voucher, and that in delaying the

accommodation, the HOC and Cohen requested more information than necessary from her and her doctors to verify that she in fact suffers from those disabilities.

Between December 15, 2015 and March 14, 2018, Plaintiff was receiving rent subsidies for an apartment at 9701 Fields Road (Apt. #804) in Gaithersburg, Maryland. After August 21, 2017, when she filed a written complaint with the Montgomery County Department of Housing and Community Affairs about the state of her apartment, Plaintiff found herself in constant dispute with her landlord, Adarsh Ramakumar, over a number of issues. Plaintiff alleges that Ramakumar was abusive to her throughout. Plaintiff vacated the Fields Road apartment on March 14, 2018.

On March 15, 2018—one day after Plaintiff vacated the Fields Road apartment—HOC sent her a letter stating that, as of April 30, 2018, her housing subsidy would be terminated due to "delinquent rent." The letter advised Plaintiff that she could appeal the decision and request an informal hearing, which she did.

On April 5, 2018, the first informal hearing was held. At the hearing, although Plaintiff by then had paid the delinquent rent, the HOC presented her with some 15 pages of new charges based solely on the word of her former landlord. The hearing was suspended to allow Plaintiff to retain legal counsel.

Then, less than one week later, on April 11, 2018, HOC sent Plaintiff a second letter advising her that her rental subsidy payments would terminate on April 30, 2018, this time due to a "Program Violation: Lease Violation(s) Community Disturbance-Property Damages." Again, Plaintiff was advised of her right to appeal the decision and have an "informal hearing." She did so, and an informal hearing was held on April 24, 2018. At the April 24 hearing, as at the April 5 hearing, HOC presented Plaintiff (and her Legal Aid attorney) several pages—Plaintiff says 80—of yet further charges. When Plaintiff's counsel strenuously objected to these additional charges

being added at the last minute, the hearing examiner advised Plaintiff that she could appeal the termination and, meanwhile extend her voucher beyond the April 30, 2018 termination date if her counsel would write a letter requesting an extension. Counsel apparently wrote such a letter, but to no avail. Plaintiff says that, when she visited the HOC satellite office several days later, Bonnie Hodge of HOC told her "we do not have to grant the extension, as I [Hodge] was not present at the hearing."

A third "informal hearing," i.e. appeal, was set for May 24, 2018, but one day before that—on May 23, 2018—Plaintiff's request for a reasonable accommodation was finally granted. Even so, it was not until September 2018, some 4 months later, that Plaintiff's housing voucher was reinstated, such that, says Plaintiff, she was "homeless" or at least denied a rent subsidy for 4 months, presumably from the end of April to mid-September. Throughout this time, Plaintiff submits, despite having presented HOC with medical records documenting her emotional and mental disabilities, "HOC [and presumably Cohen] continued to ask for more medical records."

Though Plaintiff's housing voucher was eventually reinstated, the Fourth Circuit has said that, under the FHA, "a violation occurs when the disabled resident is first denied a reasonable accommodation, irrespective of the remedies granted in subsequent proceedings." *Bryant Woods Inn, Inc. v. Howard Cty., Md.*, 124 F.3d 597, 602 (4th Cir. 1997). Moreover, the Sixth Circuit has held that "[i]n some circumstances, a housing provider that refuses to make a decision unless a requestor provides unreasonably excessive information could be found to have constructively denied the request by stonewalling and short-circuiting the process" and as such, "injury may result when a housing provider unreasonably delays responding to a request for an accommodation and that such a delay may amount to a denial." *Overlook Mut. Homes, Inc. v. Spencer*, 415 F. App'x 617, 622 (6th Cir. 2011) (internal citations omitted). In view of these holdings, the Court finds that

Plaintiff has plausibly stated a claim under 42 U.S.C. § 3604(f)(3)(B) (The Court emphasizes that Plaintiff is still obliged to prove her claim).[1]

In the second of her remaining claims, Plaintiff alleges violations of 42 U.S.C. § 1983, specifically the Due Process Clause under the Fourteenth Amendment. She submits that, though hearings were held regarding the termination of her voucher on April 5, 2018 and April 11, 2018, HOC added new charges at the onset of both hearings, and that she or her counsel had to request that the hearings be suspended so that they might review the newly added charges. Furthermore, Plaintiff claims that, though the hearing examiner told her counsel at the April 11, 2018 hearing that she could have her voucher extended past the April 30, 2018 termination date if counsel were to write a letter requesting the extension, when counsel wrote such a letter, HOC in fact rejected the extension.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). To state a cognizable due process claim, the plaintiff must identify the denial of a protected property or liberty interest. *See Biser v. Town of Bel Air*, 991 F.2d 100, 103-04 (4th Cir. 1993). The Fourth Circuit has held that the "privilege or the right to occupy publicly subsidized low-rent housing" is "no less entitled to due process protection than entitlement to welfare benefits which were the subject of decision in *Goldberg* or the other rights and privileges referred to in *Goldberg*," referring to the Supreme Court's landmark decision in *Goldberg v. Kelly*, 397 U.S. 254, 262 (1970). *Caulder v. Durham Hous. Auth.*, 433 F.2d 998, 1002 (4th Cir. 1970). This holding would extend to a housing voucher that serves the same function as publicly subsidized low-rent housing. In

---

[1] The Court does not consider the alleged request for excessive information to constitute a standalone violation. It is relevant, if at all, only insofar as it may relate to the alleged failure to afford a reasonable accommodation.

6

*Goldberg*, the Supreme Court had stated that "due process requires an adequate hearing before termination of welfare benefits." 397 U.S. at 261. This "opportunity to be heard" must be "at a meaningful time and in a meaningful manner." *Id.* at 267.

The Court finds Plaintiff has plausibly stated a claim for (though, again, she has not yet proved) a violation of her procedural due process rights under 42 U.S.C. § 1983 against the HOC and presumably Cohen, subject to the clarification in the footnote.[2] Taking what Plaintiff has pleaded to be true, HOC notified Plaintiff that her housing voucher would be terminated, she appealed the decisions and hearings were held, but at both hearings, HOC levied additional charges. Further, Plaintiff's voucher was officially terminated without a final decision having been made on her appeal, despite apparent assurances by the hearing examiner that an extension of the voucher would be granted if Plaintiff's counsel wrote a letter requesting it, which he did, but no extension was granted. It appears that "[i]nstead of merely proposing [Plaintiff's] termination, the final determination of which would be made at a hearing, [Plaintiff] was accorded a right to appeal from a termination decision that had already been made," a practice this Court previously found questionable. *Vance v. Hous. Opportunities Comm'n of Montgomery Cty., Maryland*, 332 F. Supp.

---

[2] Plaintiff has not, despite the Court's directive, "allege[d] with particularity how she believes each [of the several named] Defendant violated the law," nor has she alleged whether those Defendants were acting in their personal or official capacities.

Taking official capacity first, a housing authority "as a unit of local government is a person[ ] which may be sued under § 1983 although ... not on a respondeat superior basis," and only in an official-capacity action. *Rogers v. Hous. Auth. of Prince George's Cty.*, 2015 WL 5287128, at *5 (D. Md. Sept. 8, 2015). But a suit against a person in his or her official capacity is tantamount to a suit against the person's employer—here the HOC. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Accordingly, suits against all Defendants in their official capacities other than HOC are superfluous and the Motion to Dismiss the Amended Complaint, ECF No. 55, is **GRANTED**, as to them.

As for claims against Defendants in their individual capacities, Plaintiff has made no plausibly actionable allegations against any of them except (and at that somewhat skimpily) Cohen. While Cohen may yet prevail on the basis of qualified immunity or otherwise, as to all Defendants except Cohen, Defendants' Motion to Dismiss Amended Complaint, ECF No. 55, is **GRANTED**, but as to Cohen in his individual capacity it is **DENIED**.

2d 832, 844 (D. Md. 2004). Indeed, although Plaintiff's "reasonable accommodation" was granted on May 23, 2018, it was not until September 2018 that her housing voucher was actually reinstated. For the very brief period, then, that Plaintiff's housing voucher was terminated and her rent subsidy in fact ceased, she may—if she prevails in demonstrating the liability of HOC in its official capacity and Cohen in his individual capacity—recover compensatory damages.

Punitive damages, however, are not available in this case. First, "punitive damages are presumptively unavailable from municipalities for violations of federal law absent congressional authorization or compelling public policy reasons." *Jennings v. Hous. Auth. of Baltimore City*, 2014 WL 346641, at *9 (D. Md. Jan. 29, 2014). In addition to the fact that the FHA does not explicitly authorize punitive damage awards against local governments, a court of this district dismissed a request for punitive damages in a similar case. *See id.* Furthermore, the Supreme Court has stated that "a municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). In addition, while Cohen in his individual capacity is theoretically subject to punitive damages under § 1983, Plaintiff has not by any stretch plausibly pleaded sufficient facts why punitive damages should be levied against him.

In her Sur-Reply, Plaintiff has addressed no claims other than those just discussed. Nor has she, in her multiple other filings, sufficiently pleaded facts to support any of her other claims.

Accordingly, Defendants' Motion to Dismiss to Dismiss the Amended Complaint, ECF No. 55, as to the claims under 42 U.S.C. § 3604(f)(3)(B) and 42 U.S.C. § 1983 (specifically the Due Process Clause) is **DENIED** as to Defendants HOC in its official capacity and Cohen in his individual capacity. But as to all other Counts and all other Defendants, the said Motion to Dismiss the Amended Complaint, ECF No. 55, is **GRANTED**. In other words, Defendants' Motion to

Dismiss the Amended Complaint, ECF No. 55, is **DENIED IN PART AND GRANTED IN PART.**

Plaintiff has also filed a Motion to Seal her Sur-Reply and all documents in this matter, and asks the Court to issue an Order preventing Defendants from accessing certain documents due to the "embarrassment and shame" she says she would suffer from the information therein being made public. ECF No. 73. Defendants do not object to sealing Plaintiff's Sur-Reply insofar as it contains medical documentation about her, but point out that there is no sensitive medical or personal documentation contained in previous filings. The Court, for the most part, agrees with Defendants. Court filings are public documents and a litigant's mere request that the documents be sealed is not automatically granted. Thus, while Plaintiff's Sur-Reply itself may be sealed, the Court finds no basis to seal the entire record in the case nor to allow Plaintiff in the future to file documents *ex parte*. Plaintiff's Sur-Reply, but no other of her pleadings already filed, shall be **SEALED**, and Plaintiff may not make *ex parte* filings in the future. Her Motion to Seal, ECF No. 73, therefore, is **GRANTED IN PART AND DENIED IN PART.**

Plaintiff has filed a multitude of other motions. The Court has considered all of them but finds all to be without merit. As such, the Court will **DENY** Plaintiff's Motion for Order of Suppression, ECF No. 46, and her Motion for an Emergency Hearing, ECF No. 48. Magistrate Judge Sullivan previously denied Plaintiff's Motion to Appoint Legal Counsel, ECF No. 29. and this Court will similarly **DENY** Plaintiff's Emergency Motion to Appoint Legal Counsel, ECF No. 51. Defendants' Motion to Dismiss the Complaint, ECF No. 50, is **MOOT.**

Finally, the Court is constrained to note that Plaintiff has inundated the Court with motions, most of questionable merit. She is directed to carefully consider any other motions she might be

inclined to file before she actually files them. Any motions the Court determines to be frivolous will be summarily dismissed or denied, and may result in the imposition of sanctions.

Plaintiff and defense counsel, within thirty (30) days, shall advise the Court in writing of the status of the case, including whether further discovery is appropriate.

A separate Order will **ISSUE.**

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

May 7, 2020